

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-25-2004

# Lepenica v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lepenica v. Comm Social Security" (2004). *2004 Decisions.* Paper 387.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/387

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 03-4403
_____

KADA LEPENICA,

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

District Court Judge: The Honorable Faith S. Hochberg
(Civil No. 02-4796)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2004

BEFORE: SLOVITER and FUENTES, Circuit Judges,
and POLLAK, District Judge.*

( Filed: August 25, 2004 )
_____

OPINION OF THE COURT
_____

* Honorable Louis H. Pollak, Senior District Judge for the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge

Appellant Kada Lepenica appeals from a decision of the United States District Court for the District of New Jersey, which affirmed the final decision of the Commissioner of Social Security ("Commissioner") denying Lepenica's application for Disability Insurance Benefits ("DIB") under the Social Security Act. Our review is limited to determining whether the Commissioner's final decision was supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d. Cir. 1999). We now affirm the District Court's decision.

## I.

Lepenica applied for DIB on March 15, 2000 and was both denied initially and on reconsideration by the Appeals Council. Lepenica then sought review before an Administrative Law Judge ("ALJ") and was ultimately found not disabled within the meaning of the Social Security Act in a decision by the ALJ dated February 22, 2002. The ALJ held that Lepenica did not meet the requisite severity of impairment set forth in 20 C.F.R. §404.1521 and therefore was not significantly limited in performing basic work-related activities.

Lepenica worked as a patient care technologist at Mountainside Hospital from approximately April 1990 until January 2000 when she was terminated. Lepenica then worked as a medical assistant from May 2001 to June 2001 but was again terminated because of her frequent absences. Lepenica alleges that her frequent absences from her job were a direct result of her becoming too weak to work, developing a rapid heartbeat,

2

and sporadically collapsing. Lepenica further alleges that these conditions have caused her to be in and out of hospitals, emergency rooms and doctor's offices for various therapy and treatment.

Lepenica initially filed for disability caused by an injury to her left wrist when a cart she was pushing tipped over and fell on it. As a result of this incident, Lepenica contends that it has become an extreme effort for her to do her normal work-related chores or lift even a bed sheet. As a result of her accident, Lepenica was treated at Mountainside Hospital on January 15, 1999, for a contusion to her left hand and a left trapezius strain (Tr. 98, 105). The diagnosis was that Lepenica suffered from mild swelling and tenderness of her third and fourth metacarpals, without crepitus, deformity or distal neurovascular deficits (Tr. 100). Lepenica's shoulder, elbow and wrist were otherwise normal, and an x-ray revealed no fracture or dislocation within her left arm.

Lepenica also underwent evaluation of her left arm with Jeffrey K. Miller, M.D., of Hand Surgery and Rehabilitation of North Jersey. Dr. Miller reported that Lepenica had normal range of motion in her left forearm and that it was only one-quarter centimeter smaller in size than her right forearm. Dr. Miller reported that Lepenica's complaints of pain in her left wrist were inconsistent. He noted that Lepenica claimed severe pain on palpation of a specific area of her left wrist, but when he palpated the same area while she was distracted, she reported no pain (Tr. 112). Dr. Miller concluded that Lepenica had no work-related restrictions caused by her left wrist.

Lepenica further claimed that she began to suffer from an assortment of other ailments including mitral valve prolapse, fibromyalgia trigger points, spigelian hernia, and ultimately depression. Lepenica sought medical treatment for each of these ailments and, according to the various medical reports and testimony of her doctors and therapists, treatment for each of the complained ailments was successful and follow-up tests were normal.

## II.

This Court's jurisdiction over a final decision of the District Court, which affirmed the final decision of the Commissioner of Social Security, arises under 28 U.S.C. §1291. The United States District Court, District of New Jersey, entered judgment on September 5, 2003. A Notice of Appeal was timely filed on November 5, 2003.

## III.

Lepenica contends that the District Court erred in its finding that substantial record evidence supported the Commissioner's decision that Lepenica was not disabled. In reviewing the decision of the District Court's affirmance of the final decision of the Commissioner denying Lepenica's DIB, the standard this Court uses is whether the administrative record contains substantial evidence supporting the findings of the District Court. The Supreme Court has defined the term substantial evidence to mean less than a preponderance of the evidence but "more than a mere scintilla" which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938).

4

Additionally, this Court has previously held that "[w]here the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings even if we would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34,38 (3ʳᵈ Cir. 2001) (citing Hartranft, 181 F.3d at 360 (3ʳᵈ Cir. 1999)).

In determining the existence of a disability, the Commissioner follows a five-step procedure in accordance with 20 C.F.R. §404.1520. If the Commissioner can establish a disability or non-disability at any point during the analysis, then the Commissioner will not review the claim any further. 20 C.F.R. §404.1520(a). In the first two steps, the claimant must establish that she is not engaged in any substantial gainful activity and that she suffers from a severe medical impairment that limits her physical or mental ability to do basic work activities. 20 C.F.R. §404.1520 and 20 C.F.R. §416.920.

In this case, the ALJ found that Lepenica did not possess a severe impairment and was therefore not disabled under the Act; thus, the Commissioner ended the process at the second step. The United States District Court of the District of New Jersey reviewed the numerous medical reports used by the ALJ to determine that Lepenica was not burdened by a severe impairment, and accordingly held that Lepenica was not disabled as set forth by the five-step analysis of 20 C.F.R. §404.1520.

The ALJ considered numerous medical reports and examinations regarding Lepenica's condition. According to the Mountainside Hospital examination of Lepenica in January 1999, there was no evidence of a fracture, dislocation, change in soft tissue, or any other abnormality in Lepenica's left hand. The report only noted mild swelling over

5

the third and forth metacarpal. Tr. 14. Furthermore, the ALJ alluded to Dr. Jeffrey Miller's observation that in fact there existed no significant functional deficit in Lepenica's left extremity and that therefore, there was no evidence of an impairment or cause for work restriction. The record shows that Lepenica was also successfully treated for an abdominal hernia to repair and correct discomfort. The ALJ considered a variety of other reports, all of which yielded normal results and only further substantiated the decision of the ALJ that Lepenica was not disabled as defined by the Social Security Act. See Tr. 14-16. As such, substantial evidence supports the ALJ's decision to deny Lepenica's DIB.

Lepenica contends that the ALJ failed to provide sufficient explanation for rejecting relevant evidence or to resolve discrepancies in the probative evidence, such that there could be no meaningful judicial review. Specifically, Lepenica refers to her hand therapist's examination of her left extremity, which was not present in the ALJ's decision. Lepenica's claim is without merit since the therapist's conclusions are neither inconsistent with nor contradict other reported medical reports evaluated by the ALJ. As for Lepenica's contention that the ALJ wrongfully overlooked reports of depression, the ALJ specifically cited symptoms of depression and still found no disability within the Social Security Act (Tr. 15), and the District Court referred to the same in its opinion.[1]

---

[1] We note the ALJ's observation that Lepenica refused to be examined by doctors in consultative examinations scheduled by the Social Security Administration. The Commissioner's regulations provide that a claimant who refuses to cooperate in a consultative examination without good cause may be found, by the Commissioner, to have no disability, solely on the basis of such refusal. 20 C.F.R. §404.1518. Because

6

Upon a careful review of the entire record, we conclude that substantial evidence supports the ALJ's decision. Accordingly, we affirm the denial of DIB.

---

there is sufficient evidence in the record to support the ALJ's denial of benefits, we need not address whether Lepenica's refusal to undergo an examination constituted independent grounds for that denial.

7